# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REGINALD M. CLYTUS,**

    Petitioner,

    v.                                            Case No. 14-CV-18

**MICHAEL BAENEN, Warden, Green Bay Correctional Institution,**

    Respondent.

## ORDER ON MOTION FOR RECONSIDERATION OF THE DENIAL OF RELEASE PENDING RESOLUTION OF THE PETITION FOR WRIT OF HABEAS CORPUS

On January 30, 2014, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Honorable Judge Randa screened Petitioner Clytus' petition for a writ of habeas corpus, allowed it to proceed, and ordered the respondent to file responsive pleadings. (Docket # 10). At the same time, he also denied Clytus' motion for release pending resolution of his petition (Docket # 3), finding that the case was not "an extraordinary case involving special circumstances or a high probability of success." *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2011). Subsequently, the case was transferred to me on consent pursuant to 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure.

Presently before me is Clytus's motion for reconsideration of the denial of his motion for release pending resolution of his petition for a writ of habeas corpus. (Docket # 15.) In both his original motion and his motion for reconsideration, Clytus cites to 18 U.S.C. § 3143(b), which governs bail pending appeal from a federal conviction. However, that statute is inapplicable to federal

habeas corpus proceedings, whether made under § 2254, as in this case, or under § 2255. Thus, Clytus is not entitled to release pursuant to 18 U.S.C. § 3143(b).

But, the court does have the inherent authority to grant release to a habeas petitioner while a petition is pending review. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). However, a prisoner in a habeas case must meet a more demanding standard than the one in 18 U.S.C. § 3143(b). *Id*. As the Seventh Circuit emphasized in *Cherek*, the power to grant bail pending review of a habeas petition should be exercised sparingly. The Seventh Circuit further explained as follows:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id*.

Here, I have examined Clytus' original motion for release, his motion for reconsideration of the denial of his motion for release, and the attachments to his motion. Clytus has not met the stringent standard for release pending review of his petition for a writ of habeas corpus. Therefore, his motion (Docket # 15) is **DENIED**. Clytus' motion to correct the record (Docket # 14) is **GRANTED**. The case shall proceed pursuant to the January 30, 2014 order entered by Judge Randa. (Docket # 10.)

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 20th day of February, 2014.

>BY THE COURT
>
> *s/Nancy Joseph*
> NANCY JOSEPH
> United States Magistrate Judge