# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REGINALD M. CLYTUS,**

    Petitioner,

    v.                                                               Case No. 14-CV-18

**MICHAEL BAENEN, Warden, Green Bay
Correctional Institution,**

    Respondent.

---

**ORDER ON RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO TIMELY FILE**

---

The petitioner, Reginald M. Clytus ("Clytus"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 8, 2014. (Docket # 1.) His petition was screened pursuant to Rule 4 of the Rules Governing § 2254 Cases, and the respondent was ordered to answer the petition or file another responsive pleading within 30 days. (Docket # 10.) In lieu of filing an answer, the respondent filed a motion to dismiss on the ground that Clytus' petition was filed outside of the one-year statute of limitations imposed under 28 U.S.C. § 2244(d). The motion is now fully briefed, and for the reasons I will explain below, the motion to dismiss will be granted and the petition will be dismissed.

## PROCEDURAL BACKGROUND

Clytus was convicted of first-degree reckless homicide and armed robbery with use of force on September 9, 2005 in Milwaukee County Circuit Court case number 05CF793. (Docket # 20-1.) He appealed his conviction, and the Wisconsin Supreme Court denied his petition for review on

October 20, 2009. (Docket # 20-2.) His convictions became final on January 18, 2010, ninety days after the petition for review was denied.

On December 7, 2010, Clytus filed a motion to withdraw his guilty pleas pursuant to Wis. Stat. § 974.06. (Docket # 1 at 4.) The circuit court denied the motion initially on December 13, 2010 (Docket # 20-3) and again on reconsideration on January 24, 2011 (Docket # 20-4). Clytus appealed the decision to the Wisconsin Court of Appeals. Following a voluntary motion for dismissal, the court of appeals dismissed his appeal on January 27, 2012. (Docket # 20-5.)

Clytus filed a second post-conviction motion pursuant to Wis. Stat. § 974.06 on March 23, 2012.[1] (Docket # 1 at 5.) Clytus appealed the circuit court's denial of his motion, and the decision was affirmed. He then filed a petition for review with the Wisconsin Supreme Court, which was denied on December 16, 2013. (Docket # 20-6.)

On August 16, 2010, Clytus filed a habeas petition. (*See* Docket # 1 in ECF Case No. 10-CV-696.) On August 24, 2011, the petition was dismissed without prejudice. (Docket # 19 in ECF Case No. 10-CV-696; *see also* Docket # 20-7.) On January 8, 2014, Clytus filed the current habeas petition. (Docket # 1.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

---

[1] There are conflicting dates in petitioner's petition. On page 4 of the petition, Clytus says he filed the second § 974.06 motion on March 27, 2012. (Docket # 1 at 4.) On page 5, however, Clytus states he filed on March 23, 2012. (Docket # 1 at 5.) The date is immaterial as it does not change my conclusion that Clytus' petition is untimely. Therefore, I will use the earlier date.

- 2 -

pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically the statute provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Clytus does not argue that he was prevented from filing his habeas petition due to State action. He is not asserting a newly recognized right. He also does not claim that his petition rests on newly discovered facts. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Accordingly, Clytus' claim falls under 28 U.S.C. § 2244(d)(1)(A).

Clytus sought direct review of his conviction, and the Wisconsin Supreme Court denied his petition for review on October 20, 2009. Clytus did not seek certiorari in the United States Supreme Court on his direct appeal, so direct review of his conviction ended when his time to do so expired, ninety days after the Wisconsin Supreme Court denied his petition for review. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Ninety days after October 20, 2009 was January 18, 2010. Clytus filed a post-conviction motion under Wis. Stat. § 974.06 on December 7, 2010, which tolled the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(2). On the date the motion was filed, 323 of the one-year filing period had expired; only 42 days remained. The clock started again on January 27, 2012, the date on which the court of appeals dismissed Clytus' appeal upon his voluntary motion. His one-year time period ran out on March 9, 2012. Though Clytus filed another Wis. Stat. § 974.06 motion on March 23, 2012, the filing of that motion did not toll the time limit because it had already expired on March 9, 2012. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (explaining that § 2244(d)(2) excludes particular time from the one-year limitation calculation and does not mean that the filing of another state post-conviction or collateral relief motion restarts the clock).

In his response to the state's motion to dismiss, Clytus appears to argue that the pendency of his previous habeas petition—August 16, 210 until August 24, 2011— tolled the time limits or re-started the clock. However, the filing of Clytus' first federal habeas petition did not toll the one-year statute of limitations. *See Duncan v. Walker*, 533 U.S. 167 (2001). Therefore, when Clytus filed the present petition on January 8, 2014, his one-year limitation period had been expired for 22 months. The petition is therefore untimely.

However, the analysis does not end here. The doctrine of equitable tolling can excuse an untimely filed habeas petition. Equitable tolling is granted "sparingly" and only when extraordinary

circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S.Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Clytus does not attempt to show that he is entitled to equitable tolling. Rather, Clytus argues that the "actual innocence" exception to procedural default should apply here. *See Schlup v. Delo*, 513 U.S. 298 (1995). Though Clytus raises this argument in terms of overcoming procedural default, rather than equitable tolling, the United States Supreme Court recently held in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), that the miscarriage of justice exception applies to AEDPA's statute of limitations. However, to "invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327). Here, Clytus has not met the stringent showing that it is more likely than not that no reasonable juror would have convicted him in light of new evidence.[2] Thus, Clytus has not shown that the miscarriage of justice exception excuses AEDPA's statute of limitations.

In summary, Clytus' petition was filed well beyond AEDPA's limitations period. He has neither shown equitable tolling nor the miscarriage of justice exceptions excuse the expiration of the

---

[2] In making this determination, the court reviewed not only Clytus's response to the motion to dismiss but also his brief on the merits, his motion for bail, and all the supporting documents in the record.

AEDPA statute of limitations in this case. As such, Clytus' petition must be dismissed as untimely filed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

Jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. Clytus' petition is untimely, and he has not shown that equitable tolling or the miscarriage of justice exception apply.

Clytus retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss the petition for writ of habeas corpus (Docket # 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Clytus' petition for writ of habeas corpus (Docket # 1) and this action be and hereby are **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 16th day of May, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge