# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

REGINALD M. CLYTUS,

        Petitioner,

    v.

        Case No. 14-CV-18

MICHAEL BAENEN, Warden, Green Bay
Correctional Institution,

        Respondent.

## ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION

On January 8, 2014, the petitioner, Reginald M. Clytus ("Clytus"), filed a petition for a writ of habeas corpus. (Docket # 1.) On March 16, 2014, I granted the respondent's motion to dismiss the petition for failure to timely file (Docket # 19) and dismissed the petition (Docket # 31, 32). On May 28, 2014, Clytus filed a motion for reconsideration. For the reasons set forth in this decision, Clytus' motion is denied.

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)

(quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of

law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit*

*Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for

reconsideration "is left to the discretion of the district court." *Id.*

Clytus makes several arguments in support of his motion. First, he argues that his petition

was, in fact, timely filed. Second, he argues that he has met the miscarriage of justice exception to

the one-year statute of limitations. *See McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013)

(holding that the miscarriage of justice exception to procedural default is also an exception for failure

to timely file). Third, Clytus argues that his counsel was ineffective and that his plea agreement was

not honored. I will address each argument in turn.

Clytus argues that his petition was timely filed. He appears to argue that because he filed a

prior habeas petition, which was timely, any subsequent petition is also timely. However, the statute

does not contemplate this. Additionally, Clytus appears to argue that the one-year limitation period

was tolled when his prior habeas petition was stayed and held in abeyance. While a pending state

action is not counted against the one-year limitation period, *see* 28 U.S.C. § 2244(d)(2), a pending

federal habeas petition does not stop the clock. Therefore, as explained in my order dismissing the

petition as untimely, Clytus' one-year statute of limitation expired on March 9, 2012.[1] His petition

---

[1] Clytus sought direct review of his conviction, and the Wisconsin Supreme Court denied his petition for review on October 20, 2009. Clytus did not seek certiorari in the United States Supreme Court on his direct appeal, so direct review of his conviction ended when his time to do so expired, ninety days after the Wisconsin Supreme Court denied his petition for review–on January 18, 2010.. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). The date on which Clytus filed a post-conviction motion under Wis. Stat. § 974.06, December 7, 2010, was 323 days into the one-year statute of limitation. This stopped the clock, pursuant to 28 U.S.C. § 2244(d)(2). At that time, 42 days remained. The clock started again on January 27, 2012, the date on which the court of appeals dismissed Clytus' appeal upon his voluntary motion. His one-year time period ran out on March 9, 2012. I also note that Clytus' subsequent Wis. Stat. § 974.06 motion, filed on March 23, 2012, did not stop

was filed nearly twenty-two months later, on January 8, 2014, well outside the AEDPA one-year statute of limitations. Clytus has presented no new evidence or pointed to a manifest error of law, and therefore this ground in support of his motion for reconsideration must fail.

As to his argument regarding miscarriage of justice exception to AEDPA's one-year statute of limitations, Clytus contends that I concluded that "no jury would find this information and testimony made by Davis believable." (Docket # 33 at 3.) That is a misstatement. Rather, in my order, I stated that to meet the standard for the miscarriage of justice exception, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, ___ U.S. at ____, 133 S. Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Considering this stringent requirement, I found that Clytus had not shown that the miscarriage of justice exception applied. Accordingly, Clytus' argument for reconsideration is unavailing.

Clytus' third argument—that his counsel was ineffective and his plea agreement was not honored—is not properly brought in a motion for reconsideration. He has presented no new evidence, and neither ineffective assistance of counsel or a due process argument regarding the enforcement of his plea agreement excuse the untimeliness of his petition.

Therefore, Clytus has not shown that he has new evidence or that this Court made a manifest error of law. His motion for reconsideration is thus denied.

---

the clock because the one-year limitation had already expired. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (explaining that § 2244(d)(2) excludes particular time from the one-year limitation calculation and does not mean that the filing of another state post-conviction or collateral relief motion restarts the clock).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for reconisderation (Docket # 33) is **DENIED**.

Dated at Milwaukee, Wisconsin this 26th day of June, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge